UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA M. GLASGOW, | ) |
| Plaintiff, | ) No.   CV-09-0223-CI ) |
| v. | ) ORDER GRANTING PLAINTIFF'S ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) AND REMANDING FOR ADDITIONAL ) PROCEEDINGS PURSUANT TO 42 ) U.S.C. § 405(g) ) |
| Defendant. | ) ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents Defendant.  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7.)  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the case to the Commissioner for additional proceedings.

On February 26, 2007, Tina Marie Glasgow (Plaintiff) protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI). (Tr. 119.)  She alleges onset of disability on February 6, 2006, due to degenerative arthritis, back pain and asthma. (Tr. 123.)  Plaintiff's date of last insured for DIB purposes was March 31, 2010. (Tr. 11.)

Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 1

1  (ALJ) R. S. Chester on October 23, 2008.  (Tr. 25-49.)  Plaintiff,
2  who was represented by counsel, and vocational expert Deborah N.
3  Lapoint, appeared and testified. (*Id*.)  On November 28, 2009, ALJ
4  Chester denied benefits.  (Tr. 11-21.)  The Appeals Council denied
5  Plaintiff's request for review.  (Tr. 1-4.)  This appeal followed.
6  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 2

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 3

entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings, and are summarized briefly here. At the time of the hearing, Plaintiff was 49 years old, unmarried with two adult children. She stated she lived in a house with her daughter and grandchildren. (Tr. 30-32.) She has a tenth grade education and is a certified nurse's aide. (Tr. 34.) Plaintiff has past work experience as a home attendant, nurse's aide, cashier, checker, dishwasher, bartender, and a stock clerk. (Tr. 44-45.) She testified she cannot work because of back pain and limitations in her ability to stand and sit for any length of time. (Tr. 35-36.) She also reported things drop from her hand because of problems with arthritis and numbness in her right hand. (Tr. 42.) Plaintiff testified she has been unable to stop smoking, and she uses a nebulizer for chronic asthma. (Tr. 41.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff had not engaged in substantial gainful

activity since her alleged onset date. (Tr. 13.) At step two, he found Plaintiff has medically determinable impairments of "degenerative disk disease of the lumbar and cervical spine, asthma, depression, cannabis dependence, and opioid dependence." (*Id.*) He found non-severe impairments of gastroesophageal reflux disease and nicotine dependence. (Tr. 14.) At step three, the ALJ found Plaintiff's impairments alone and in combination did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 18.) At step four, he found Plaintiff had the residual functional capacity (RFC) to perform light work with several non-exertional limitations. (Tr. 16.) After summarizing the evidence, including Plaintiff's testimony, the ALJ found Plaintiff's allegations of disabling symptoms were not credible to the extent they were inconsistent with his assessment. (Tr. 13-18.) Based in part on VE testimony, the ALJ concluded Plaintiff's RFC would allow her to perform past relevant work as a bartender and cashier checker. (Tr. 19.) He proceeded to step five and found there was a significant number of other jobs in the national economy Plaintiff could perform with her current RFC, such as parking lot attendant, outside deliverer and seated cashier. (Tr. 19-20.) He concluded Plaintiff was not disabled, as defined by the Social Security Act, from her alleged onset date through the date of his decision. (Tr. 20.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff

contends the ALJ erred when he (1) failed to properly evaluate her treating medical provider opinions; (2) discounted her testimony; and (3) assessed her RFC. (Ct. Rec. 14 at 11-18.)

**DISCUSSION**

**A. Credibility**

As stated by the Ninth Circuit:

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce <u>some</u> pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)(*overruled on other grounds*). If this test is satisfied, the ALJ may reject a claimant's testimony if he finds affirmative evidence of malingering. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). However, where there is no affirmative evidence of malingering, a claimant's testimony may be rejected only with specific "clear and convincing" reasons). *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995).

In addition to ordinary techniques of credibility evaluation,

the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair*, 885 F.2d 597 n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600; *Fair*, 885 F.2d at 604 ("[C]redibility determinations are the province of the ALJ").

After finding Plaintiff's medically determinable impairments could be expected reasonably to cause the alleged symptoms (Tr. 17), ALJ Chester summarized Plaintiff's testimony: she could not work because her back hurts all the time; she is unable to sit, stand or walk for very long; her hands go numb three or four times a day for a half hour to two hours; she needs to lie down three to four times a day; and she has trouble breathing and uses a nebulizer four times a day. (Tr. 17.) He found her testimony was not credible to the extent her self-reported symptoms were inconsistent with her ability to do the light work described in his RFC findings. (*Id*.) He first found her statements were inconsistent with objective medical evidence, which showed her back problems existed prior to her claim of disability, but does not show any worsening of her condition. (*Id*.) This reason alone would be insufficient to reject Plaintiff's statements. *Lester*, 81 F.3d at 834. However, it is supported by substantial evidence, and it is not the only reason given by the

ALJ. He also found her self-reported limits on sitting were not consistent with her testimony that she could ride in a car for two hours, and she was planning a road trip. (Tr. 17.) He found the records indicate a pattern of drug seeking behavior, a finding that significantly impugns her testimony. *See Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999).

As found by the ALJ, and indicated by reports from medical providers, Plaintiff has been non-compliant in her prescribed dosages and violated her pain medication contract several times; she has been insistent that her doctors provide her pain medication, even when she has been non-compliant; and she tested positive for cannabis - behaviors that call into question whether she is actually experiencing pain or is seeking narcotics for her addiction. (Tr. 17-18.) The ALJ's reasoning is supported by reports from emergency room personnel who treated Plaintiff for polypharmacy-related psychiatric issues. (Tr. 510.) Hospital physician Arnold Kadrmas, M.D., reported Plaintiff was initially cooperative during her hospitalization with efforts to decrease her medication. However, during the course of her stay, her reports of back pain and demands for pain medication were increasingly demanding and incongruent with her activities (including exercise classes). As observed by staff, she did not demonstrate excessive pain behavior at these times. (Tr. 510-11.) Dr. Kadrmas noted, "She remained significantly focused on getting pain medication for her back," but did not want to go to chemical dependency counseling as recommended. (Tr. 511.) Dr. Kadrmas also reported that at discharge, after medications were decreased, there was no evidence of delirium, depression, or

suicidal ideation. (Tr. 511.) He shared his recommendations regarding decreasing medications and chemical dependency treatment with Plaintiff's treating physician. (Tr. 513.) The ALJ's findings regarding Plaintiff's narcotic seeking behavior are "clear and convincing" reasons to discount her pain and limitation testimony.

In addition, the ALJ noted Plaintiff's description of her breathing problems are undermined by her refusal to quit smoking – a refusal which diminishes her allegations of symptom severity. The ALJ's "clear and convincing" reasoning is supported by substantial evidence in the record and, therefore, will not be disturbed.

**B.  Evaluation of Medical Opinions**

In addition to the credibility findings discussed above, the ALJ found Plaintiff's treating physician Anthony Lundberg, D.O., opined in March 2006, that Plaintiff could do light work. He gave this opinion significant weight. (Tr. 18.)[1] However, Plaintiff argues this finding is not supported by substantial evidence because, in a form report dated January 24, 2007, and submitted to the state public assistance program, Dr. Lundberg endorsed a "severely limited" finding and opined she would be restricted in numerous work activities. (Tr. 319.) Plaintiff contends findings in this report were ignored impermissibly by the ALJ, and as such,

---

[1] In discussing Dr. Lundberg's opinion that Plaintiff could perform light work, the ALJ referenced a date of March 2006 (Tr. 18), which appears to be a clerical error. The clinic note in which he told Plaintiff she could "certainly do light duty work," was entered on November 7, 2006, in response to a telephone inquiry from Plaintiff. (Tr. 303.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 9

they must be credited and given controlling weight. (Ct. Rec. 14 at 12.)  She also posits the ALJ failed to give legally sufficient reasons for rejecting treating medical providers Mary Barinaga, M.D., and Blaze Burnham, ARNP. (*Id.* at 13-15.)

In evaluating a disability claim, the adjudicator must consider all medical opinions provided.  20 C.F.R. §§ 404.1527(d), 416.927(d).  A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004).  If a treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *Lester,* 81 F.3d at 830-31; *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).  Final resolution of conflicts in the medical evidence is the sole responsibility of the ALJ. *Andrews*, 53 F.3d at 1039.

The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).  Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.

1996.) Rejection of a medical source opinion is specific and legitimate where the opinion is not supported by the doctor's own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

In addition to accepted medical source opinions, the ALJ is required to consider observations by "other sources," *i.e.,* nurse practitioners, physician's assistants, mental health therapists, and social workers, as to how an impairment affects a claimant's ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d); *Sprague*, 812 F.2d at 1232. Although, under the Regulations, other sources cannot establish a medically determinable impairment, the Commissioner has ruled that weight given to their opinions must be evaluated on the basis of certain factors, *e.g.,* their professional qualifications, how consistent their opinions are with the other evidence, the amount of evidence provided in support of their opinions, whether the other source opinion is well-explained, and whether the other source "has a specialty or area of expertise related to the individual's impairment." *Social Security Ruling* (*SSR*) 06-03p.[2] An adjudicator may consider these factors in giving the non-medical treatment provider's opinion more weight than that of an acceptable medical source. *Id*. A full explanation of the weight given an

---

[2] Social Security Rulings are issued to clarify the Regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

1 | other source opinion must be included in the ALJ's decision when the
2 | other source is given greater weight than a treating source opinion.
3 | *Id.*
4 |     A review of the record shows Dr. Lundberg stated in a November
5 | 7, 2006, clinic note that Plaintiff could "certainly do light duty
6 | work." (Tr. 13, 18, 303.)  As mentioned above, this comment was
7 | entered after responding to Plaintiff's phone call, in which she
8 | specifically asked if she could do some light duty work. (Tr. 303.)
9 | On January 24, 2007, Dr. Lundberg signed a medical evaluation form
10 | report indicating Plaintiff was severely limited and should not lift
11 | more than five pounds. (Tr. 319.)  The ALJ did not mention this form
12 | report specifically in his summary of the medical evidence or his
13 | discussion of Dr. Lundberg's opinions. (Tr. 14, 18.)  Although an
14 | ALJ is not required to discuss all evidence presented, the fact that
15 | in January 2007, Dr. Lundberg found Plaintiff unable to lift more
16 | than five pounds and severely limited in her ability to do certain
17 | job tasks renders this medical opinion sufficiently significant to
18 | address and either credit or reject. *See Vincent v. Heckler*, 739
19 | F.2d 1393, 1394-95 (9th Cir. 1984).  Defendant's argument that this
20 | omission is harmless error because there is evidence in the record
21 | to justify rejection by the ALJ is not persuasive.  First, the court
22 | may not make findings for the Commissioner.  The reviewing court is
23 | "constrained to review the reasons the ALJ asserts." *See Connett v.*
24 | *Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  Further, the ALJ did
25 | not address the opinion, so it cannot be certain that he considered
26 | it in his evaluation.  The court can neither grant nor deny benefits
27 | based on evidence the Commissioner did not address. *Id*.  Second,
28 |

Defendant's argument that the court should apply the Sixth Circuit's harmless error standard is misplaced. (Ct. Rec. 16 at 7, *citing Blakley v. Commissioner of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2004)). In *Blakley*, the Sixth Circuit held it would be harmless error if an ALJ "fails <u>to give good reasons</u> on the record for according less than controlling weight to treating sources" if the opinion is "'so patently deficient that the Commissioner could not possibly credit it.'" *Blakley*, 581 F.3d at 409 (*emphasis added*)(*citation omitted*). This standard does not apply in this case.

The Regulations require the ALJ to consider all medical opinions, and here, the ALJ gave no reasons for ignoring an opinion that conflicts significantly with an opinion by the same treating source that was given controlling weight. As held by the Sixth Circuit, "the AlJ's incomplete weighing of [claimant's] treating sources is not an excusable *de minimis* procedural violation." *Id*. This apparent contradiction in medical evidence from Plaintiff's treating source cannot be ignored or considered a harmless oversight of the Commissioner.

The Commissioner has the sole responsibility for resolving conflicts in the medical evidence; therefore, it was reversible error for the ALJ to ignore these contradictory opinions. As stated above, the court can neither deny nor grant benefits based on evidence not addressed. Accordingly, remand for additional proceedings and a new ALJ decision is appropriate. *See Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). Independent review indicates Dr. Barinaga and ARNP Burnham also have had a lengthy

treating relationship with Plaintiff and submitted clinic notes and evaluation reports indicating she is severely limited in her ability to perform work tasks. (Tr. 445-52.) On remand, weight given to Dr. Barinaga's clinic notes and opinions regarding Plaintiff's limitations shall be fully explained, and specific, legally sufficient reasons shall be given if her opinions are rejected. Further, the opinions of treating ARNP Burnham shall be discussed and weight given as directed by the Commissioner in *SSR* 06-03p.

**C.   RFC Determination**

The RFC determination represents the most a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. In assessing the RFC, an adjudicator must consider carefully all medical evidence provided and determine what work-related activities a claimant can perform. In determining what a claimant can still do despite her severe impairments, consideration must be given to medical source statements from treating and consultative medical examiners. *SSR 96-5p.* Because the ALJ failed to adequately explain weight given or properly reject probative evidence from Drs. Lundberg and Barinaga and ARNP Burnham, the final RFC determination is not supported by substantial evidence. Further, it appears the ALJ relied primarily on non-examining agency physician opinions in assessing Plaintiff's physical RFC (Tr. 18-19, 403-10), and a brief, unexplained clinic note from Dr. Lundberg. (Tr. 18, 303.) This is not substantial evidence on which to base this critical determination. *See Lester*, 81 F.3d at 831.

Because the evidence is ambiguous regarding Plaintiff's ability

to perform work activities, on remand, the ALJ shall develop the record regarding Plaintiff's physical capacities, psychological - mental limitations due to depression, the effects of multiple medications, and the severe impairment of opioid dependence. 20 C.F.R. §§ 416.926(a)(c); 416.945(a)(3); *see Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir 2001) (inadequate or ambiguous evidence triggers ALJ duty to develop record). The ALJ will then make a new RFC determination incorporating all of Plaintiff's credible limitations. Additional relevant records may be requested by the Commissioner, or submitted by Plaintiff, including mental health and chemical dependency counseling records from Palouse County counseling, which are referenced in the record. (Tr. 559, 594, 617.) Attempts to obtain additional records should be described in the record. New vocational expert testimony must be taken at steps four and five to consider the effects of Plaintiff's newly assessed RFC on her occupational base. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and as directed above.

2.  Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **DENIED**.

3.  Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 15

provide a copy to counsel for Plaintiff and Defendant.  The file shall be **CLOSED** and judgment entered for **PLAINTIFF**.

DATED August 20, 2010.

                S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g) - 16